IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LINDLEY, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1054-G |
| | § | |
| DOUG DRETKE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil rights action brought by Plaintiff Willie Lindley, Jr., an inmate in the Texas prison system, against the Director of the TDCJ-ID and two corrections officers at the Sanders Estes Unit. On May 20, 2005, plaintiff tendered a *pro se* complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears* questionnaire was then sent to plaintiff in order to obtain additional information about the factual basis of this suit.[1] Plaintiff answered the questionnaire on June 14, 2005. The court now determines that this action should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

II.

Plaintiff alleges that corrections officers at the Sanders Estes Unit of the TDCJ-ID either lost or destroyed various items of his personal property. Among the items were two folders of legal materials containing records related to his criminal conviction and a child custody case. Following an investigation by prison officials, plaintiff was paid $29.02 to replace the missing property. However, he believes that this compensation is inadequate. By this suit, plaintiff seeks $3,017.06 in actual damages and unspecified punitive damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1)   is frivolous or malicious;
>
> (2)   fails to state a claim upon which relief can be granted; or
>
> (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff's claim that his legal papers were intentionally lost or destroyed must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded on the due process clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S. Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff alleges that prison officials lost or destroyed various documents related to his state criminal conviction and a pending federal habeas appeal. These documents included copies of trial transcripts, pretrial motions, the docket sheet, his appellate brief, and his state and federal writs. (*See Spears* Quest. #2). The court notes that plaintiff's federal writ was dismissed on limitations grounds in September 2004. *Lindley v. Dretke*, 2004 WL 2008522 (N.D. Tex. Sept. 9, 2004). On May 25, 2005, plaintiff filed a motion for a certificate of appealability with the Fifth Circuit Court of Appeals. That motion is currently pending. *Lindley v. Dretke*, No. 04-11284. Although plaintiff claims that his legal materials were destroyed in September 2004, he

has been able to prosecute his appeal.[2] There is no indication that plaintiff has missed any deadlines or suffered any adverse consequences due to the destruction of documents related to his criminal conviction.

Nor has plaintiff suffered any harm due to the destruction of legal documents related to his child custody case. The court notes that plaintiff is represented by counsel in that proceeding. (*See Spears* Quest. #1(c)). Although plaintiff states that he is unable to assist his attorney without copies of motions and court orders, he fails to explain why such is the case.

C.

Plaintiff's claim for money damages relating to the destruction of other items of personal property fares no better.[3] The intentional deprivation of property does not give rise to a civil rights claim unless plaintiff can show that state remedies are inadequate. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 117 S.Ct. 359 (1996). Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (inmate has cause of action for conversion under Texas law). Accordingly, plaintiff is not entitled to relief under 42 U.S.C. § 1983.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

---

[2] Plaintiff makes no claim that he was unable to timely file his federal writ due to the destruction of documents related to his criminal conviction. Indeed, the docket sheet reflects that plaintiff filed his application for writ of habeas corpus in federal court on April 28, 2004--more than four months before his property was allegedly destroyed by prison officials.

[3] The other items of personal property allegedly destroyed by prison officials include: (1) commissary items, such as pencils, envelopes, toiletries, and snack foods; (2) family pictures; (3) a King James Bible; and (4) reading glasses. The total value of these items is less than $100.00. (*See Spears* Quest. #2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED:  June 27, 2005.

 

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE